UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JERRY FRANKLIN PARKS | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cv-282 |
| | ) | 3:98-cr-162 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jerry Franklin Parks ("Parks"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Parks' conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Parks "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States*

*v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Parks is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Parks was convicted by a jury of two counts of being a felon in possession of a firearm and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); he was acquitted of one count of being a felon in possession of ammunition. Parks was sentenced as an armed career offender to a term of imprisonment of 250 months, pursuant to 18 U.S.C. § 924(e). The conviction was affirmed on direct appeal. *United States v. Parks*, 30 Fed.Appx. 534 (6th Cir.), *cert. denied*, 535 U.S. 1087 (2002). In support of his § 2255 motion to vacate sentence, Parks alleges that he was improperly sentenced as an armed career criminal, for several reasons, and that he received ineffective assistance of counsel during sentencing and on appeal.

III. Discussion

### A. Armed Career Criminal

Pursuant to the Armed Career Criminal Act, a felon in possession of a firearm shall be imprisoned not less than 15 years, if the person has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). A serious drug offense under state law is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance ..., for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id*. § 924(e)(2)(A)(ii). A violent felony is "any crime punishable by imprisonment for a term exceeding one year," that (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B).

Parks first alleges that, in sentencing him as an armed career criminal, the court relied on prior felony convictions that were obtained when Parks was not represented by counsel. He specifically refers to a 1959 conviction for burglary, larceny, and larceny of a motor vehicle; four counts of burglary from 1959; and a 1963 escape conviction. According to Parks, an uncounseled conviction cannot be used to enhance a sentence. *See Custis v. United States*, 511 U.S. 485, 487 (1994). Parks' claim lacks merit.

The convictions to which Parks refers were not used by the court in determining that Parks was an armed career criminal, nor did Parks receive any criminal history points for those convictions. Parks was found to be an armed career criminal on the basis of the following convictions: a 1984 conviction for third degree burglary; a 1985 conviction for damage by means of explosive; and a 1994 conviction for possession with intent to distribute cocaine hydrochloride. [Criminal Action No. 3:98-cr-162, Presentence Investigation Report, pp. 11-12, ¶¶ 46, 47, & 49].

Parks next alleges that his Fifth and Sixth Amendment rights were violated because the indictment did not allege facts sufficient to charge him as an armed career criminal; the grand jury did not charge him with being an armed career criminal; and the trial jury made no factual determination that would constitute a basis for sentencing him as an armed career criminal. Parks relies on the Supreme Court decisions of *Jones v. United States*, 526 U.S. 227 (1999) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

In *Jones*, the U.S. Supreme Court held that the provisions of the carjacking statute establishing higher penalties to be imposed when the offense resulted in serious bodily injury or death set forth additional elements of the offense. In a footnote, the Court noted:

> [U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Jones v. United States*, 526 U.S. at 243 n.6. The Court restated that principal in *Apprendi*: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime

beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi v. United States*, 530 U.S. at 490. The exception for the fact of a prior conviction was an acknowledgment of the Court's prior decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that a penalty provision, which authorizes an enhanced sentence based upon a prior conviction, does not create a separate crime and thus does not have to be charged in the indictment.

Parks' enhanced sentence as an armed career criminal was based upon his prior convictions and thus *Jones* and *Apprendi* were not implicated. *See United States v. Carnes*, 309 F.3d 950, 956 (2002) (argument by defendant sentenced as an armed career criminal that his three prior violent felony convictions constituted elements of the offense that "must be alleged and proven in an indictment" pursuant to *Apprendi* lacked merit because "prior convictions are sentencing factors and need not be alleged in an indictment or proven beyond a reasonable doubt"); *cf. United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004), *cert. denied,* 125 S. Ct. 1692 (2005) (requirement of ACCA that prior felony convictions must have been committed on "different occasions" comes within the *Apprendi* exception for a prior conviction and thus "need not be pled in an indictment, submitted to a jury, and proved beyond a reasonable doubt").

Based upon the foregoing, Parks' claim that his sentence violated his rights under the Fifth and Sixth Amendment lacks merit. Parks was properly sentenced as an armed career criminal.

## B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Parks must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690.

Parks' claim of ineffective assistance of counsel is that his attorney failed to raise, at trial and on appeal, the challenges to his sentence as an armed career criminal that are addressed in Section III., A., *supra*, of this opinion. As the court has found, however, these claims lack merit. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993). Accordingly, Parks'

6

attorney did not render ineffective assistance of counsel by failing to raise these issues at trial or on appeal. Parks has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

IV. Conclusion

Parks is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis<br>United States District Judge